UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANDRA JACKSON, | Case No. CV 13-3925-PJW |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| CAROLYN W. COLVIN, ACTING COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

## I.   INTRODUCTION

Plaintiff appeals a decision by Defendant Social Security Administration ("the Agency"), denying her application for Supplemental Security Income ("SSI"). She claims that the Administrative Law Judge ("ALJ") erred when he found that she could perform certain jobs identified by the vocational expert. For the reasons discussed below, the Court affirms the ALJ's decision.

## II.   DISCUSSION

This case is back before the Court following remand to the Agency for further proceedings. In those further proceedings, the ALJ determined that Plaintiff had the residual functional capacity to perform work that required frequent handling and fingering and only

brief or superficial contact with the general public that was incidental to the work performed. (AR 341.) Relying on a vocational expert's testimony, the ALJ found that Plaintiff could perform the jobs of garment folder, shoe packer, and advanced material distributor. (AR 350.)

Plaintiff takes exception to this finding. She argues that she cannot perform the jobs of garment folder or shoe packer because, according to the Dictionary of Occupational Titles ("DOT"), they require constant handling and fingering. And she contends that she cannot perform the job of advanced material distributor because that job requires extensive public contact. (Joint Stip. at 6-9.)

The Agency all but concedes that the ALJ erred when he determined that Plaintiff could perform the garment folder and shoe packer jobs because they require constant reaching and fingering and Plaintiff is limited to frequent reaching and fingering. (Joint Stip. at 9.) It argues, however, that Plaintiff is capable of performing the advanced material distributor job despite a limitation on contact with the public and, therefore, any error by the ALJ was harmless. (Joint Stip. at 9-10.)

It appears that the Agency is right. The advanced material distributor job involves distributing things like handbills and/or coupons from house to house, business to business, or to people on the street. (DOT No. 230.687-010.) According to the DOT, it does not involve any significant dealings with people. (DOT No. 230.687-010.)

Plaintiff contends that it is possible that, while handing out handbills to people on the street, she could be confronted by someone who was angry at her for handing them a handbill. (Joint Stip. at 7.)

Case 2:13-cv-03925-PJW   Document 26   Filed 05/19/14   Page 3 of 3   Page ID #:899

She argues that, because she is unable to handle this type of encounter, she is precluded from performing this job.

Though the Court recognizes that there is a possibility that someone passing out leaflets could be accosted by someone who does not want to receive one, the DOT is what governs here and it provides that the job does not require any significant interaction with people. (DOT No. 230.687-010.) In fact, according to the DOT, talking and/or hearing is not required on this job. (DOT No. 230.687-010.) And the ALJ was entitled to rely on the DOT description in determining that Plaintiff could perform it. *See Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995). Thus, Plaintiff's objections to the ALJ's findings as to the advanced material distributor job are rejected.

Further, as the vocational expert explained, there are 356,000 distributor jobs in the national economy and 1,900 locally. Obviously, this is more than enough to support the ALJ's finding that there were enough jobs to conclude that Plaintiff was not disabled. *See, e.g., Moncada v. Chater*, 60 F.3d 521, 524 (9th Cir. 1995) (finding 64,000 nationwide and 2,300 jobs in county sufficient to support finding that plaintiff was not disabled). As such, any error by the ALJ in finding that Plaintiff could perform the jobs of garment folder and shoe packer was harmless.

### III. CONCLUSION

For these reasons, the ALJ's decision that Plaintiff is not disabled is affirmed and the action is dismissed with prejudice.

IT IS SO ORDERED.

DATED: May 19, 2014.

PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Social Security\JACKSON, C, 3925\memorandum opinion and order.wpd